IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WINNER INTERNATIONAL ROYALTY, LLC, <br><br>            Plaintiff, <br><br>    v. <br><br> THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, <br><br>            Defendant. | Case No.: 1:24−cv−05709 <br><br> Honorable Virginia M. Kendall |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF PRELIMINARY INJUNCTION**

Defendant Fun DIY ("Defendant") hereby requests that Plaintiff's Motion for Entry of Preliminary Injunction (Dkt. No. 27) be denied and states as follows:

**I.      INTRODUCTION**

Plaintiff's Preliminary Injunction should be denied because Plaintiff will not suffer irreparable harm without the injunction, there is an adequate remedy at law, and Plaintiff does not have a reasonable likelihood of success on the merits. Fun DIY sells "Swess" branded wheel lock clamps, not Plaintiff's branded product, and Plaintiff does not contend its products are protected under any intellectual property regimes.

Defendant sells Swess wheel lock clamps, and only used "Tire Claw" in passing in a single spot in the product title, while identifying their brand as Swess, and also states that they are "Non Original Parts." Defendant does not use "Tire Claw" in a way to insinuate ownership or approval from Plaintiff, only to describe its goods as equivalent. There has been no counterfeiting by Defendant, nor has Plaintiff been irreparably harmed.  At most, if an injunction is entered, it should be narrowly tailored requiring only the phrase "Tire

Claw" to be removed from the heading but the non-infringing product should otherwise be allowed to be continued to be sold.

## II. STATUS OF THE CASE

Plaintiff filed its Complaint on July 8, 2024, alleging that Defendant committed trademark infringement, unfair competition and false designation of origin, violation of Illinois Uniform Deceptive Trade Practice, sand a Motion for Entry for a Temporary Restraining Order, which the Court granted. (Dkt. Nos. 1, 8, 15, 16). The TRO was extended on August 5, 2024, to August 20, 2024. (Dkt. No. 20) Plaintiff then filed its motion for preliminary injunction on August 21, 2023 (Dkt. Nos. 27, 28).

As shown below, the preliminary injunction should be denied with respect to Defendant.

## III. STATEMENT OF THE LAW

"[A] preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Valencia v. City of Springfield*, 883 F.3d 959, 965 (7th Cir. 2018). Plaintiff is not entitled to a preliminary injunction unless it establishes that "(1) "absent a preliminary injunction, it will suffer irreparable harm in the interim period prior to final resolution of its claims"; (2) "traditional legal remedies would be inadequate"; and (3) "its claim has some likelihood of succeeding on the merits."" *Id.* If it cannot clearly establish each of these threshold requirements, the injunction must be denied. *Id.* at 966.

If an injunction is entered, the Court must "comply with the rule requiring courts to tailor injunctive relief to the scope of the violation found." *e360 Insight v. Spamhaus Project*, 500 F.3d 594, 604 (7th Cir. 2007) (internal quote and citation removed). "An injunction should be narrowly tailored to serve equity's interest." *Burlington N. R. Co. v. United Transp. Union*, 862 F.2d 1266, 1280 (7th Cir. 1988). And the "injunctive relief should be no more burdensome to the defendant

than necessary to provide complete relief to the plaintiffs." *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979).

IV.    **ARGUMENT**

There is no likelihood of success on the merits, as there is no likelihood of confusion. Defendant is selling their own wheel lock product manufactured and branded by Swess fairly using Plaintiff's "Tire Claw" mark as a descriptive term as a fair use, and Plaintiff has not suffered irreparable harm.

    A.    **Likelihood of Success on the Merits**

        1.    **Defendant' Use of the Mark "Tire Claw" Constitutes Fair Use.**

Defendant's use of "Tire Claw" constitutes fair use. To succeed in its fair use defense, a Defendant must demonstrate that "(1) it did not use [the mark] as a trademark, (2) the use is descriptive of [Defendant's] goods, and (3) it used the mark fairly and in good faith." *Sportfuel, Inc. v. Pepsico, Inc.*, 932 F.3d 589, 595 (7th Cir. 2019). Words or phrases function as trademarks 'when [they are] used by a source of a product to identify itself to the public as the source of its product and to create in the public consciousness an awareness of the uniqueness of the source and of its products.'" *Sportfuel, Inc. v. Pepsico, Inc.*, 932 F.3d 589, 596 (7th Cir. 2019) (internal citations omitted).

            a)    <u>**Defendant did not use "Tire Claw" as a trademark.**</u>

First, Defendant did not use Tire Claw as a trademark. The product is titled "2 Pack Trailer Wheel Lock Clamp Boot Tire Claw Adjustable for RV Boat Trailer Truck Auto Car Heavy Duty Steel Anti-Theft Tire Lock Trailer Boot Towing Security Device" and then just below the product title lists the brand as Swess and has links to the entire catalog of Swess products. (Ex. A at 1). Additionally, in the product description, there is no mention of "Tire Claw." The product

3

description further mentions that it is "Non Original Parts." (*Id.*)



4

At no point is "Tire Claw" used as a source identifier or brand identifier, Swess is. (Ex. A at 1, 3, 4). The product title leads with the generic "wheel lock clamp boot" to describe the product. Thus, Tire Claw is not being used as a trademark.

### b) Defendant use of "Tire Claw" is Descriptive.

The use of Tire Claw is only descriptive. "Descriptive phrases refer to a characteristic of the product." *SportFuel*, 932 F.3d at 599 (citing *Quaker Oats*, 978 F.2d at 953)." *The Hebrew Univ. of Jerusalem v. Dealzepic*, 21 CV 5492, at *9 (N.D. Ill. Aug. 1, 2022). Defendant's product is a claw shaped wheel lock, that attaches to tires. Defendant describes their product as a wheel lock and only once references Plaintiff's descriptive trademark when describing the style of automotive lock. Defendant does not repeatedly use Plaintiff's mark in an effort to obfuscate who the producer of the Swess wheel lock is. On the other hand, Swess is identified as the brand, supplier, and manufacturer. (Ex. A at 1, 3, 4).

Consumers would not think that the product is being made and sold by Plaintiff, as the product is clearly branded as Swess wheel lock and "Tire Claw" is only used in the product title to describe the kind of lock on for the product, and there is no other use of the mark in the product description. The only use of "Tire Claw" is to describe the style of Defendant's wheel lock product. Therefore, use of "Tire Claw" is therefore descriptive.

### c) Defendant use of "Tire Claw" is in Good Faith.

Third, is good faith use of the mark. The good faith element "look[s] to [the alleged infringer's] subjective purpose in using a slogan." *SportFuel,* 932 F.3d at 600. "Mere knowledge" of the plaintiff's mark is insufficient to demonstrate bad faith. *Id.*

Defendant prominently lists the brand, Swess, right after the product title, along with a link to the entire Swess catalog. Swess is also identified that the brand, manufacturer, and supplier.

5

(Ex. A at 1, 3, 4). "Tire Claw" is not used in the product description, only an accurate description of Defendant's product as a wheel lock. Defendant also lists the product in the description as "Non Original Parts."

Defendant's use of "Tire Claw" would not lead to a likelihood of confusion. No consumer would believe that the products originated from Plaintiff. The mark is therefore used fairly and in good faith, and the Court should find that Defendant's use of Tire Claw was non-trademark use, descriptive, and in good faith.

### B. Plaintiff Did Not Suffer Irreparable Harm.

The Seventh Circuit has not formally ended the presumption of irreparable harm in trademark infringement cases. However, in patent and copyright infringement cases, the Seventh Circuit has ended the presumption, and moreover, other circuits have held that *eBay* applies in this context. *See*, *e.g.*, *Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc.*, 736 F.3d 1239, 1249 (9th Cir. 2013); *Audi AG v. D'Amato*, 469 F.3d 534, 550 (6th Cir. 2006). *Ill. Tamale Co. v. El-Greg, Inc.*, No. 16 C 5387, at *46-47 (N.D. Ill. Sep. 13, 2019).

Even if this Court applies the presumption, Plaintiff still has not been irreparably harmed. Plaintiff claimed irreparable harm based on an injury of goodwill and brand confidence caused by "Defendant's Counterfeit Products." (Dkt. No. 1 at ¶32). As set forth in the preceding section, there is no probability of confusion. Defendant does not sell counterfeit Plaintiff's products, it sells Swess branded wheel locks. Defendant does not infringe on the "Tire Claw" mark, as it is a fair use. Thus, there is no likelihood of confusion, and therefore there can be no irreparable harm.

Plaintiff also argues loss of future sales but does not support that with evidence as to either of these Defendant. (*Id.*). Additionally, even if Plaintiff could prove loss of future sales, it would still not constitute an irreparable harm ("[Plaintiff's] losses are "purely financial, easily measured, and readily compensated." . . . Damages could make it whole, so there is no need for a preliminary

6

injunction. *See D.U. v. Rhoades*, 825 F.3d 331, 339 (7th Cir. 2016) ("Because money damages could make D.U. whole again should she prevail in her lawsuit, she does not meet the standard for irreparable harm.") *CF Entm't, Inc. v. Nielsen Co.*, No. 20-cv-2393, at *27-28 (N.D. Ill. July 10, 2020). If Plaintiff had suffered losses, then it would be able to prove them and they would be calculable, not an irreparable harm.

Finally, Plaintiff argues that it has suffered damage to the goodwill of its brand. (Dkt. No. 1 at ¶32). Plaintiff does not identify which of the many defendants specifically caused such harm, rather it lumps in fair users of the "Tire Claw" mark with infringers and counterfeiters. "To clear the irreparable harm hurdle, '[t]he moving party must demonstrate that he will *likely* suffer irreparable harm absent obtaining preliminary injunctive relief.'" *Ligtel Commc'ns, Inc. v. Baicells Techs.*, 455 F. Supp. 3d 792, 809 (N.D. Ind. 2020) (*quoting Whitaker By Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1044 (7th Cir. 2017)). Here, there is no showing of harm due to the fair use of the mark.

### C. A Preliminary Injunction Should Be Narrowly Tailored and Should Only Require Removal of the Phrase "Tiger Claw" And Otherwise Allow the Non-Infringing Product to Continue to be Sold

When entering an injunction, the Court must "comply with the rule requiring courts to tailor injunctive relief to the scope of the violation found." *e360 Insight v. Spamhaus Project*, 500 F.3d 594, 604 (7th Cir. 2007) (internal quote and citation removed). "An injunction should be narrowly tailored to serve equity's interest." *Burlington N. R. Co. v. United Transp. Union*, 862 F.2d 1266, 1280 (7th Cir. 1988). And the "injunctive relief should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs." *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979).

The accusation of infringement is not against the product itself of the packaging, which is described and named as a wheel lock. Instead, Plaintiff only accuses the use of "Tire Claw" in a

7

single place in the heading. If the phrase "Tire Claw" is removed, then there is no allegation of infringement. The scope of the allegation of infringement is a single mention in the product title. As such, if an injunction is entered, it should be limited to enjoining the use of the phrase "Tire Claw." An injunction against the sale of a non-accused product is not narrowly tailored and more burdensome on defendant than necessary to provide plaintiff complete relief. No injunction should therefore be granted against selling the Defendant's product.

## **CONCLUSION**

For the reasons discussed above, Defendant Fun DIY respectfully requests the Court to deny Plaintiff's motion for a preliminary injunction, or alternatively reduce the amount restrained in Defendant's account.

September 4, 2024

Respectfully Submitted,

 */s/ Steven G. Kalberg*
David R. Bennett
Steven G. Kalberg
Direction IP Law
P.O. Box 14184
Chicago, IL 60614-0184
(312) 291-1667
dbennett@directionip.com
skalberg@directionip.com

*Attorneys for Defendant Fun DIY*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2024, I electronically filed the above documents with the Clerk of Court using CM/ECF which will send electronic notification of such filings to all registered counsel.

>   */s/ Steven G. Kalberg*
>   Steven G. Kalberg